UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

OPEN ACCESS FOR ALL, INC. and
ANDRES GOMEZ,

    Plaintiffs,

vs.

IBERIABANK CORPORATION,

    Defendant.

Civil . 1:18-cv-23297

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

COMES NOW, IBERIABANK, incorrectly referred to as IBERIABANK CORPORATION (the "Defendant"), by and through its undersigned counsel, and submits this Answer and Affirmative Defenses to the Complaint by Open Access For All, Inc. and Andres Gomez (the "Plaintiffs").  Defendant denies each and every allegation unless specifically admitted, qualified, or otherwise answered herein.  Defendant states and alleges as follows:

**INTRODUCTORY STATEMENT**

1. Defendant is not called upon to admit or deny the allegations contained in Paragraph 1 of the Complaint, as it constitutes a statement of law.

2. Defendant is not called upon to admit or deny the allegations contained in Paragraph 2 of the Complaint, as it constitutes a statement of law.

**Discrimination**

3. Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint

5. Defendant admits Plaintiffs seeks relief, but denies that it is liable to Plaintiffs and that Plaintiffs have been denied access to its banks.

6. Defendant admit Plaintiff seeks compensatory damages, but denies Plaintiffs have been discriminated against or suffered any damages.

## JURISDICTION & VENUE

7. Defendant is not called upon to admit or deny the allegations contained in Paragraph 7 of the Complaint, as it constitutes a statement of law.

8. Defendant is not called upon to admit or deny the allegations contained in Paragraph 8 of the Complaint, as it constitutes a statement of law. To the extent a response is required, Defendant denies it is liable to Plaintiffs and that Plaintiffs have experienced any damages

9. Defendant is not called upon to admit or deny the allegations contained in Paragraph 9 of the Complaint, as it constitutes a statement of law.

10. Defendant admits that venue is proper for this matter pursuant to the statute alleged.

11. Defendant is not called upon to admit or deny the allegations contained in Paragraph 11 of the Complaint.

## THE PARTIES

**Open Access For All, Inc.**

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

**Andres Gomez**

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

**Defendant Corporation**

22. Defendant admits the allegations contained in Paragraph 22 of the Complaint.

## FACTS

23. Defendant admits the allegations contained in Paragraph 23 of the Complaint.

24. Defendant admits the allegations contained in Paragraph 24 of the Complaint.

25. Defendant admits allegations contained in Paragraph 25 of the Complaint except to deny that it controls, maintains, and/or operates all information contained on the www.iberiabank.com website.

26. Defendant admits the allegations contained in Paragraph 26 of the Complaint.

27. Defendant admits the allegations contained in Paragraph 27 of the Complaint.

28. Defendant admits the allegations contained in Paragraph 28 of the Complaint.

29. Defendant admits the allegations contained in Paragraph 29 of the Complaint.

30. Defendant admits that the public can access documents on demand through its website and that the website contains some PDFs. Defendant denies the remaining allegations contained in Paragraph 30 of the Compliant.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein. Defendant denies that it is an automobile dealership.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint, except to admit that the design in footnote 3 of the Complaint is not displayed on the website, which is the best evidence of its contents.

43. Defendant denies the allegations contained in Paragraph 43.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

45. Defendant denies that Plaintiff could not access the website and that Plaintiff could not avail himself of the banking services provided by Defendant. Defendant denies the remaining allegations contained in Paragraph 45 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

47. Defendant admits that it addresses individuals with disabilities on its website. Defendant denies the remaining allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies that Plaintiffs could not access its website and documents contained therein. Defendant further denies it provides golf club services. Defendant denies the remaining allegations contained in Paragraph 48 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

51. Defendant denies that Plaintiffs have been injured. Defendant denies the remaining allegations contained in Paragraph 51 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

52. Defendant denies that Plaintiff has suffered any harm.  Defendant denies the remaining allegations contained in Paragraph 52 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

56. Defendant admits it has not designated an "Accessibility Coordinator."  Defendant denies the remaining allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint, except to admit that it is not required to create or maintain a Specialized Customer Assistance line or service or email contact mode for customer assistance for the visually impaired.

58. Defendant admits it has a stated goal to comply with the WCAG. Defendant denies the remaining allegations contained in Paragraph 58 of the Complaint.

59. Defendant admits the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant is not called upon to admit or deny the allegations contained in Paragraph 62 of the Complaint, as it constitutes a statement of law.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Defendant admits it is aware of the legal requirements with respect to its website. Defendant denies the allegations contained in Paragraph 64 of the Complaint for lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of the Complaint for lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. Defendant admits notice is not required. Defendant denies the remaining allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

**Trespass Violations**

70. Defendant denies the allegations contained in Paragraph 70 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

71. Defendant denies the allegations contained in Paragraph 71 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

72. Defendant denies the allegations contained in Paragraph 72 of the Complaint, except to admit the website uses first party cookies.

73. Defendant denies the allegations contained in Paragraph 73 of the Complaint, except to admit that the website is the best evidence of its contents.

74. Defendant denies the allegations contained in Paragraph 74 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

75. Defendant denies the allegations contained in Paragraph 75 of the Complaint, except to admit the website uses first party cookies.

76. Defendant denies the allegations contained in Paragraph 76 of the Complaint.

**COUNT 1 – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

77. To the extent applicable, Defendant incorporates by references its answers to Paragraphs 1 through 76 and Affirmative Defenses as if fully restated herein.

**Requirement for Effective Communication**

78. Defendant is not called upon to admit or deny the allegations contained in Paragraph 78 of the Complaint, as it constitutes a statement of law.

79. Defendant is not called upon to admit or deny the allegations contained in Paragraph 79 of the Complaint, as it constitutes a statement of law.

80. Defendant is not called upon to admit or deny the allegations contained in Paragraph 80 of the Complaint, as it constitutes a statement of law.

81. Defendant is not called upon to admit or deny the allegations contained in Paragraph 81 of the Complaint, as it constitutes a statement of law.

82. Defendant denies the allegations contained in Paragraph 82 of the Complaint.

**Defendant's Business is a Place of Public Accommodation**

83. Defendant is not called upon to admit or deny the allegations contained in Paragraph 81 of the Complaint, as it constitutes a statement of law.

84. Defendant denies that Plaintiffs have had any barriers to access and denies the remaining allegations contained in Paragraph 84 of the Complaint.

**The Website as a Place of Public Accommodation**

85. Defendant is not called upon to admit or deny the allegations contained in Paragraph 85 of the Complaint, as it constitutes a statement of law.

86. Defendant is not called upon to admit or deny the allegations contained in Paragraph 86 of the Complaint, as it constitutes a statement of law.

87. Defendant admits the allegations contained in Paragraph 87 of the Complaint.

88. Defendant denies the allegations contained in Paragraph 88 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

89. Defendant denies the allegations contained in Paragraph 89 of the Complaint.

90. Defendant is not called upon to admit or deny the allegations contained in Paragraph 90 of the Complaint, as it constitutes a statement of law.

91. Defendant is not called upon to admit or deny the allegations contained in Paragraph 91 of the Complaint, as it constitutes a statement of law.

92. Defendant is not called upon to admit or deny the allegations contained in Paragraph 92 of the Complaint, as it constitutes a statement of law.

93. Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94. Defendant admits its website contains the referenced statement regarding accessibility. Defendant denies the remaining allegations contained in Paragraph 94 of the Complaint and denies it committed a violation of the ADA.

95. Defendant is not called upon to admit or deny the allegations contained in Paragraph 95 of the Complaint, as it constitutes a statement of law.

96. Defendant is not called upon to admit or deny the allegations contained in Paragraph 96 of the Complaint, as it constitutes a statement of law.

97. Defendant is not called upon to admit or deny the allegations contained in Paragraph 97 of the Complaint, as it constitutes a statement of law.

98. Defendant denies the allegations contained in Paragraph 98 of the Complaint.

**Barriers to Access**

99. Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100. Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101. Defendant admits the website does not contain that symbol. Defendant denies the remaining allegations contained in Paragraph 101 of the Complaint

102. Defendant denies that its website is not accessible. Defendant denies the remaining allegations contained in Paragraph 102 of the Complaint due to a lack of sufficient information to form a reasonable belief in the truth of the allegations therein.

**Electronic Documents**

103. Defendant admits its website contains links to a PDF document. Defendant denies the remaining allegations contained in Paragraph 103 of the Complaint.

104. Defendant denies that much of its website content is not accessible for persons with screen readers. Defendant admits that blind and visually impaired individuals might need electronic documents to be in an accessible format.

105. Defendant admits the allegations contained in Paragraph 105 of the Complaint and avers that its website is accessible.

106. Defendant denies the allegations contained in Paragraph 106 of the Complaint.

**Violations of the ADA**

107. Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108. Defendant denies the allegations contained in Paragraph 108 of the Complaint.

109. Defendant admits that Plaintiff makes such an allegation regarding access. Defendant denies the remaining allegations contained in Paragraph 109 of the Complaint.

110. Defendant is not called upon to admit or deny the allegations contained in Paragraph 110 a) through d) of the Complaint, as it constitutes a statement of law. Defendant denies any such relief is justified or warranted

111. Defendant denies the allegations contained in Paragraph 111 of the Complaint.

112. Defendant denies the allegations contained in Paragraph 112 of the Complaint.

## COUNT II - TRESPASS

113. To the extent applicable, Defendant incorporates by references its answers to Paragraphs 1 through 97 and Affirmative Defenses as if fully restated herein.

114. Defendant denies the allegations contained in Paragraph 114 of the Complaint.

115. Defendant denies the allegations contained in Paragraph 115 of the Complaint.

116. Defendant denies the allegations contained in Paragraph 116 of the Complaint.

117. Defendant denies the allegations contained in Paragraph 117 of the Complaint.

118. Defendant denies the allegations contained in Paragraph 118 of the Complaint, except to admit that the website is the best evidence of its contents.

119. Defendant denies the allegations contained in Paragraph 119 a) through e) of the Complaint.

120. Defendant denies the allegations contained in Paragraph 120 of the Complaint.

## DEMAND FOR RELIEF

Denied denies Plaintiffs' Demand for Relief as contained in the Complaint and denies that Plaintiffs are entitled to any relief against Defendant.

## AFFIRMATIVE DEFENSES

Defendant reserves the right to assert any additional affirmative defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery. Without conceding that it bears the burden of proof as to any issue, Defendant asserts the following defenses to the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiff's allegations fail to state a claim for which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

To the extent any barriers to accessibility existed, Defendant provided legally sufficient alternative access and equivalent facilitation.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that any barriers to accessibility do exist, removal of same is not readily achievable.

**FOURTH AFFIRMATIVE DEFENSE**

Some of the requested alterations are impractical and to the extent that the removal and/or correction of the alleged violations is not readily achievable, the ADA does not require Defendant to make any corrections.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that removal and/or correction of the alleged violations would create an undue burden on Defendant, it is not required by the ADA to make such corrections.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent any modification would fundamentally alter the nature of Defendant's business, the ADA does not require Defendant to undertake any such changes.

**SEVENTH AFFIRMATIVE DEFENSE**

The purchasing or enjoyment of goods, services, facilities, privileges, advantages, and/or accommodations, when viewed in its entirety, was accessible to individuals with disabilities.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to show they are entitled to injunctive relief because they failed to show substantial likelihood that they will prevail on the merits, that they will suffer irreparable injury if the injunction is not issued, that the threatened injury to the Plaintiffs outweighs the potential harm to Defendant, and that the injunction, if issued, would be adverse to the public interest.

## NINTH AFFIRMATIVE DEFENSE

Open Access for All, Inc., lacks standing and has no right of action.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed with prejudice and that it be awarded its attorneys' fees and costs in defending this action.

Dated:  September 6, 2018					Respectfully submitted,

*/s/ Laurie M. Riley*
Laurie M. Riley, Esq.
Florida Bar No.: 657751
Jones Walker LLP
201 South Biscayne Boulevard, Suite 2600
Miami, Florida 33131
Phone: (305) 679-5728
Fax:    (305) 679-5816
Email: lriley@joneswalker.com


**Counsel for Defendant**

## CERTIFICATE OF SERVICE

The undersigned hereby states a copy of the foregoing was served through the Court's CM/ECF system on the parties listed below on September 6, 2018.

Scott R. Dinin, Esq.
Law Offices of Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, FL  33127
inbox@dininlaw.com
Counsel for Plaintiffs

>                                 /s/ Laurie M. Riley
>                                 Laurie M. Riley, Esq.